FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 23, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ERIK H.,

                      Plaintiff,

    v.

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

                      Defendant.

NO:  1:21-CV-03029-LRS

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

      BEFORE THE COURT are the parties' cross motions for summary judgment.  ECF Nos. 14, 16.  This matter was submitted for consideration without oral argument.  Plaintiff is represented by Attorney D. James Tree.  Defendant is represented by Special Assistant United States Attorney Katherine B. Watson.  The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed.  For the reasons discussed below, the Court **GRANTS**, in part, Plaintiff's Motion for Summary Judgment, ECF No. 14, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 16, and remands the case to the

ORDER ~ 1

1    Commissioner for additional proceedings.

2    **JURISDICTION**

3    Plaintiff Erik H.[1] protectively filed an application for Supplemental Security

4    Income (SSI) on April 6, 2018, Tr. 91, alleging an onset date of April 1, 2018, Tr.

5    195, due to posttraumatic stress disorder (PTSD), bipolar disorder, depression,

6    anxiety, panic attacks, bilateral carpal tunnel, arthritis in the neck/back, and

7    diabetes, Tr. 242.  Plaintiff's applications were denied initially, Tr. 120-28, and

8    upon reconsideration, Tr. 132-38.  A hearing before Administrative Law Judge

9    Richard Hlaudy ("ALJ") was conducted on June 17, 2020.  Tr. 31-66.  Plaintiff

10    was represented by counsel and testified at the hearing.  *Id*.  The ALJ also took the

11    testimony of vocational expert William H. Weiss.  *Id*.  The ALJ entered an

12    unfavorable decision on July 1, 2020.  Tr. 15-25.  The Appeals Council denied

13    review on January 5, 2021.  Tr. 1-5.  Therefore, the ALJ's July 1, 2020 decision

14    became the final decision of the Commissioner.  The matter is now before this

15    Court pursuant to 42 U.S.C. §§ 405(g); 1383(c).  ECF No. 1.

16    **BACKGROUND**

17    The facts of the case are set forth in the administrative hearing and

18    transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.

19    _____

20    [1]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's

21    first name and last initial, and, subsequently, Plaintiff's first name only, throughout

this decision.

ORDER ~ 2

1    Only the most pertinent facts are summarized here.

2        Plaintiff was 41 years old at the date of application. Tr. 212. The highest

3    grade Plaintiff completed was the eighth grade. Tr. 243. Plaintiff's reported work

4    history includes jobs as a box filler, sorter, field worker, and painter. Tr. 231, 243.

5    At application, he stated that he stopped working on July 31, 2017 because of his

6    conditions. Tr. 242.

7                    **STANDARD OF REVIEW**

8        A district court's review of a final decision of the Commissioner of Social

9    Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

10    limited; the Commissioner's decision will be disturbed "only if it is not supported

11    by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

12    1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a

13    reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159

14    (quotation and citation omitted). Stated differently, substantial evidence equates to

15    "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

16    citation omitted). In determining whether the standard has been satisfied, a

17    reviewing court must consider the entire record as a whole rather than searching

18    for supporting evidence in isolation. *Id.*

19        In reviewing a denial of benefits, a district court may not substitute its

20    judgment for that of the Commissioner. "The court will uphold the ALJ's

21    conclusion when the evidence is susceptible to more than one rational

ORDER ~ 3

1  interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

2  Further, a district court will not reverse an ALJ's decision on account of an error

3  that is harmless. *Id*. An error is harmless where it is "inconsequential to the

4  [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted).

5  The party appealing the ALJ's decision generally bears the burden of establishing

6  that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

7                              **FIVE-STEP EVALUATION PROCESS**

8        A claimant must satisfy two conditions to be considered "disabled" within

9  the meaning of the Social Security Act. First, the claimant must be "unable to

10  engage in any substantial gainful activity by reason of any medically determinable

11  physical or mental impairment which can be expected to result in death or which

12  has lasted or can be expected to last for a continuous period of not less than 12

13  months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be

14  "of such severity that he is not only unable to do his previous work[,] but cannot,

15  considering his age, education, and work experience, engage in any other kind of

16  substantial gainful work which exists in the national economy." 42 U.S.C. §

17  423(d)(2)(A).

18        The Commissioner has established a five-step sequential analysis to

19  determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §

20  416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work

21  activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial

ORDER ~ 4

1   gainful activity," the Commissioner must find that the claimant is not disabled.  20

2   C.F.R. § 416.920(b).

3       If the claimant is not engaged in substantial gainful activity, the analysis

4   proceeds to step two.  At this step, the Commissioner considers the severity of the

5   claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

6   "any impairment or combination of impairments which significantly limits [his or

7   her] physical or mental ability to do basic work activities," the analysis proceeds to

8   step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

9   this severity threshold, however, the Commissioner must find that the claimant is

10  not disabled.  20 C.F.R. § 416.920(c).

11      At step three, the Commissioner compares the claimant's impairment to

12  severe impairments recognized by the Commissioner to be so severe as to preclude

13  a person from engaging in substantial gainful activity.  20 C.F.R. §

14  416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

15  enumerated impairments, the Commissioner must find the claimant disabled and

16  award benefits.  20 C.F.R. § 416.920(d).

17      If the severity of the claimant's impairment does not meet or exceed the

18  severity of the enumerated impairments, the Commissioner must pause to assess

19  the claimant's "residual functional capacity."  Residual functional capacity (RFC),

20  defined generally as the claimant's ability to perform physical and mental work

21  activities on a sustained basis despite his or her limitations, 20 C.F.R. §

ORDER ~ 5

1    416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

2    At step four, the Commissioner considers whether, in view of the claimant's

3    RFC, the claimant is capable of performing work that he or she has performed in

4    the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

5    capable of performing past relevant work, the Commissioner must find that the

6    claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

7    performing such work, the analysis proceeds to step five.

8    At step five, the Commissioner considers whether, in view of the claimant's

9    RFC, the claimant is capable of performing other work in the national economy.

10    20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

11    must also consider vocational factors such as the claimant's age,

12    education and past work experience.  20 C.F.R. § 416.920(a)(4)(v).  If the claimant

13    is capable of adjusting to other work, the Commissioner must find that the claimant

14    is not disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of

15    adjusting to other work, analysis concludes with a finding that the claimant is

16    disabled and is therefore entitled to benefits.  20 C.F.R. § 416.920(g)(1).

17    The claimant bears the burden of proof at steps one through four.  *Tackett v.*

18    *Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five,

19    the burden shifts to the Commissioner to establish that (1) the claimant is capable

20    of performing other work; and (2) such work "exists in significant numbers in the

21    national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386,

ORDER ~ 6

1  389 (9th Cir. 2012).

2                                **ALJ'S FINDINGS**

3          At step one, the ALJ found that Plaintiff had not engaged in substantial

4  gainful activity since the date of application, April 6, 2018.  Tr. 17.  At step two,

5  the ALJ found that Plaintiff had the following severe impairments: right knee

6  patellofemoral syndrome; cervical degenerative disc disease, C5-6; diabetes

7  mellitus; depressive disorder; anxiety disorder; PTSD; cannabis use disorder; and

8  carpal tunnel syndrome.  Tr. 17.  At step three, the ALJ found that Plaintiff did not

9  have an impairment or combination of impairments that meets or medically equals

10  the severity of a listed impairment.  Tr. 18.  The ALJ then found that Plaintiff had

11  the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) with the

12  following limitations:

13          he can lift or carry 20 pounds occasionally and 10 pounds frequently;
           he can stand and or walk 6 hours in an 8-hour workday and sit 6 hours
14          in an 8-hour workday; he can occasionally climb ramps and stairs; he
           can never climb ladders, ropes, or scaffolds; he can frequently balance;
15          he can occasionally stoop, kneel, crouch, and crawl; he can occasionally
           reach overhead bilaterally; he can frequently handle, finger, and feel
16          bilaterally; he is limited to simple routine tasks; he is limited to
           occasional superficial interaction with coworkers; and he is limited to
17          no interaction with the public.

18  Tr. 19.  At step four, the ALJ identified Plaintiff's past relevant work as a

19  warehouse worker and found that he was unable to perform this past relevant work.

20  Tr. 23.  At step five, the ALJ found that considering Plaintiff's age, education,

21  work experience, and RFC, there were other jobs that exist in significant numbers

ORDER ~ 7

in the national economy that Plaintiff could perform, including egg sorter, basket

filler, and garment sorter.  Tr. 24.  The ALJ concluded that Plaintiff was not under

a disability, as defined in the Social Security Act, from the date of application,

April 6, 2018, through the date of the decision.  Tr. 21-22.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

him SSI under Title XVI.  ECF No. 14.  Plaintiff raises the following issues for this

Court's review:

1. Whether the ALJ properly addressed the medical opinions; and

2. Whether the ALJ properly addressed Plaintiff's symptom statements.

## DISCUSSION

**1.    Medical Opinions**

Plaintiff challenges the ALJ's treatment of the opinions of Tasmyn Bowes,

Psy.D. and Sarah Tracy, LMHC.  ECF No. 14 at 13-20.

For claims filed on or after March 27, 2017, new regulations apply that

change the framework for how an ALJ must weigh medical opinion evidence.

*Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL

168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c.  The new

regulations provide that the ALJ will no longer give any specific evidentiary

weight to medical opinions or prior administrative medical findings, including

those from treating medical sources.  20 C.F.R. § 416.920c(a).  Instead, the ALJ

ORDER ~ 8

1    will consider the persuasiveness of each medical opinion and prior administrative

2    medical finding, regardless of whether the medical source is an Acceptable

3    Medical Source.  20 C.F.R. § 416.920c(c).  The ALJ is required to consider

4    multiple factors, including supportability, consistency, the source's relationship

5    with the claimant, any specialization of the source, and other factors (such as the

6    source's familiarity with other evidence in the file or an understanding of Social

7    Security's disability program).  *Id.*  The regulations emphasize that the

8    supportability and consistency of the opinion are the most important factors, and

9    the ALJ must articulate how he considered those factors in determining the

10    persuasiveness of each medical opinion or prior administrative medical finding.  20

11    C.F.R. § 416.920c(b).  The ALJ may explain how he considered the other factors,

12    but is not required to do so, except in cases where two or more opinions are equally

13    well-supported and consistent with the record.  *Id.*

14        Supportability and consistency are further explained in the regulations:

15    (1) *Supportability.* The more relevant the objective medical evidence
     and supporting explanations presented by a medical source are to
16    support his or her medical opinion(s) or prior administrative medical
     finding(s), the more persuasive the medical opinions or prior
17    administrative medical finding(s) will be.

18    (2) *Consistency.* The more consistent a medical opinion(s) or prior
     administrative medical finding(s) is with the evidence from other
19    medical sources and nonmedical sources in the claim, the more
     persuasive the medical opinion(s) or prior administrative medical
20    finding(s) will be.

21

ORDER ~ 9

1   20 C.F.R. § 404.1520c(c).[2]

2         In May of 2018, Dr. Bowes completed a Psychological/Psychiatric

3   Evaluation form for the Washington State Department of Social and Health

4   Services (DSHS).  Tr. 303-13.  She diagnosed Plaintiff with PTSD, persistent

5   depressive disorder, and generalized anxiety disorder.  Tr. 306.  She opined that

6   Plaintiff had a severe limitation in the ability to perform activities within a

7   schedule, maintain regular attendance, and be punctual within customary

8   tolerances without special supervision.  Tr. 306.  She additionally opined that

9   Plaintiff had a marked limitation in six basic work activities and a moderate

10  limitation in five basic work activities.  Tr. 306-07.  She opined that Plaintiff's

11  impairment would last 18 months with available treatment.  Tr. 307.

12        In July of 2019, Dr. Bowes completed a second Psychological/Psychiatric

13  Evaluation for DSHS.  Tr. 450-60.  She diagnosed him with panic disorder, PTSD,

14  persistent depressive disorder, and rule out schizoid personality disorder  Tr. 452-

15

16  _____

17        [2]The parties disagree over whether Ninth Circuit case law continues to be

    controlling in light of the amended regulations, specifically whether an ALJ is still

18  required to provide specific and legitimate reasons for discounting a contradicted

19  opinion from a treating or examining physician.  ECF Nos. 14 at 13-14, 16 at 12-

20  13.  The Court finds resolution of this question unnecessary to the disposition of

21  this case.

ORDER ~ 10

1    53.  She opined that Plaintiff had a severe limitation in the ability to perform

2    activities within a schedule, maintain regular attendance, and be punctual within

3    customary tolerances without special supervision.  Tr. 453.  She further opined that

4    Plaintiff had a marked limitation in four basic work activities and a moderate

5    limitation in six basic work activities.  Tr. 453.  Again, Dr. Bowes stated that

6    Plaintiff's impairment would persist for 18 plus months with available treatment.

7    Tr. 454.

8         In August of 2019, Ms. Tracy completed a Documentation Request for

9    Medical or Disability Condition form for DSHS.  Tr. 461-63.  She stated that

10   Plaintiff should be limited to one to ten hours of work activity per week.  Tr. 461.

11   She opined that this limitation would persist for six weeks or four months.  Tr. 462.

12        The ALJ found the opinions to be not persuasive with the following

13   statement:

14       The undersigned notes that Dr. Bowers reviewed no records prior to her
         evaluations.   As noted, the claimant has noted problems with
15       compliance with mental health treatment including taking medication
         as prescribed.  The record shows improvement in symptoms with
16       compliance. He has ongoing cannabis use despite his self-reports to the
         contrary.  Despite his allegations of disabling anxiety and depression.
17       [sic]  Providers note normal mental status exams.  Ms. Tracy indicates
         the claimant's condition was not permanent and estimated a four-month
18       duration.  This is inconsistent with disability.

19   Tr. 22.  Here, the ALJ was required to address the factors of consistency and

20   supportability.  20 C.F.R. § 416.920c(b).  He failed to do so.  The ALJ's references

21   to the lack of records, medication compliance, improvement, drug use, and normal

ORDER ~ 11

1  mental status exams were merely a reference.  Tr. 22.  There was no explanation as

2  to how these observations by the ALJ affected the opinions' consistency and

3  supportability.  Nor were there any references to specific evidence in the record.

4  The Court is "constrained to review the reasons the ALJ asserts," when reviewing

5  the ALJ decision.  *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).  Without

6  some explanation, the Court cannot affirm the determination that the opinion was

7  not persuasive.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015)

8  ("we still demand that the agency set forth the reasoning behind its decisions in a

9  way that allows for meaningful review").  The case is remanded for the ALJ to

10  properly consider the persuasiveness of Dr. Bowes' and Ms. Tracy's opinions by

11  discussing the consistency and supportability of the opinions with references and

12  discussions of specific evidence that allows for a meaningful review.

13  **2.      Plaintiff's Symptom Statements**

14       Plaintiff argues that the ALJ erred in the treatment of his symptom

15  statements.  ECF No. 14 at 5-13.

16       It is generally the province of the ALJ to make determinations regarding the

17  reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035,

18  1039 (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent

19  reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent

20  affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's

21  testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d

ORDER ~ 12

1  1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

2       The ALJ found Plaintiff's "statements concerning the intensity, persistence,

3  and limiting effects of these symptoms are not entirely consistent with the medical

4  evidence and other evidence in the record for the reasons explained in this

5  decision." Tr. 20.  The evaluation of a claimant's symptom statements and their

6  resulting limitations relies, in part, on the assessment of the medical evidence.  *See*

7  20 C.F.R. § 416.929(c); S.S.R. 16-3p.  Therefore, in light of the case being

8  remanded for the ALJ to readdress the medical source opinions in the file, a new

9  assessment of Plaintiff's subjective symptom statements will be necessary.

**CONCLUSION**

11       Plaintiff requests that the Court remand the case for an immediate award of

12  benefits.  ECF No. 14 at 20.

13       The decision whether to remand for further proceedings or reverse and

14  award benefits is within the discretion of the district court.  *McAllister v. Sullivan*,

15  888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate

16  where "no useful purpose would be served by further administrative proceedings,

17  or where the record has been thoroughly developed," *Varney v. Sec'y of Health &*

18  *Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by

19  remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280

20  (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a

21  district court may abuse its discretion not to remand for benefits when all of these

ORDER ~ 13

conditions are met).  This policy is based on the "need to expedite disability

claims."  *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that

must be resolved before a determination can be made, and it is not clear from the

record that the ALJ would be required to find a claimant disabled if all the

evidence were properly evaluated, remand is appropriate.  *See Benecke*, 379 F.3d

at 595-96; *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate.  *See*

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014)

(remand for benefits is not appropriate when further administrative proceedings

would serve a useful purpose).  Here, the ALJ will supplement the record with any

outstanding evidence.  He will readdress the opinions of Dr. Bowers and Ms. Tracy

and readdress Plaintiff's symptom statements.  Furthermore, he will call a

vocational expert to testify at any remand proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **GRANTED,**
   **in part,** and the matter is **REMANDED** to the Commissioner for
   additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 16, is **DENIED**.

///

///

///

ORDER ~ 14

1    The District Court Clerk is directed to enter this Order and provide copies to

2    counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

3        **DATED** February 23, 2022.

4

5                                    LONNY R. SUKO
                              Senior United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

ORDER ~ 15